949 F.2d 402
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Noron P. BUTUAN, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7050.
 United States Court of Appeals, Federal Circuit.
 Sept. 11, 1991.
 
 Before ARCHER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PLAGER, Circuit Judge.
 ORDER
 ARCHER, Circuit Judge.
 
 
 1
 The Secretary of the Department of Veterans Affairs (VA) moves to dismiss Noron P. Butuan's petition for review for lack of jurisdiction. Butuan has not filed a response.
 
 
 2
 Noron P. Butuan, a Philippine citizen, is the widow of Moro Butuan. Butuan's husband served with the United States Armed Forces from January 1938 to June 1946. Butuan's husband was the recipient of VA disability pension benefits based on his mental illness. As a result of an anonymous letter, the VA conducted a field investigation that uncovered evidence of fraud by Butuan's husband in obtaining the benefits.
 
 
 3
 On May 9, 1977, the VA's Director of Compensation and Pension Service issued a decision determining that Butuan's husband had forfeited his benefits under 38 U.S.C. § 3503(a), redesignated as 38 U.S.C. § 6103(a), because the investigation revealed he was feigning mental illness. Butuan's husband filed a notice of disagreement on February 16, 1978 and subsequently appealed the regional office's decision. On November 2, 1978, the Board of Veterans Appeals issued a decision concluding that forfeiture of VA benefits was warranted. On February 25, 1991, Butuan filed a petition for review with this court seeking direct judicial review of the Board's May 9, 1977 order.[1]
 
 
 4
 Direct review by this court of VA decisions concerning benefits furnished to veterans, their dependents, or their survivors is generally precluded by statute. See 38 U.S.C. § 211. However, 38 U.S.C. § 223(c) confers jurisdiction on this court to review certain challenges to agency rules, regulations or policies. Section 223(a) and (b) make the publication requirements and the notice and comment rulemaking requirements of the Administrative Procedures Act applicable to the VA. See 5 U.S.C. § 552(a)(1); 5 U.S.C. § 553. Section 223(c) authorizes judicial review of certain VA actions relating to the publication, and notice and comment provisions.[2]
 
 
 5
 The VA argues that Butuan's petition for review should be dismissed because Butuan's challenge does not fall under the limited jurisdiction conferred on this court by 38 U.S.C. 223(c). Butuan's petition for review requests that "the forfeiture of my husband's VA benefits be carefully reviewed by the Honorable Court because my husband and I have NOT done anything which would justify the severe punishment imposed on the veteran and his family by forfeiting the gratuitous benefits due him and his dependents." Clearly, Butuan's petition for review seeks review of the VA's determination that her husband fraudulently obtained benefits. Butuan's informal brief also fails to challenge a violation of VA rulemaking requirements.[3]
 
 
 6
 Butuan has not shown her case falls under the "narrow review provisions of section 223." Hilario v. Secretary, Department of Veterans Affairs, No. 90-7003, slip op. at 5 (Fed.Cir. June 10, 1991). Pro se petitioners "are not required to file legally impeccable submissions to proceed on appeal." Id. at 6. Nevertheless, Butuan must demonstrate that this court has jurisdiction to review her claim. Butuan has not made such a showing.
 
 
 7
 Accordingly,
 
 IT IS ORDERED THAT:
 
 8
 The VA's motion to dismiss is granted.
 
 
 
 [1]
 It is unclear what type of relief Butuan is actually seeking, as the decision she is challenging concerns her deceased husband's benefits, not her own
 
 
 [2]
 38 U.S.C. § 223(c) provides in relevant part:
 An action of the [Secretary] to which section 552(a)(1) [governing publication requirements] or 553 [governing notice and comment requirements for agency rulemaking] of title 5 (or both) refers ... is subject to judicial review. Such review shall be in accordance with chapter 7 of title 5 and may be sought only in the United States Court of Appeals for the Federal Circuit.
 
 
 [3]
 In answer to question three on her informal brief, "[w]hat regulations, if any, do you want reviewed by this court?" Butuan responds:
 The VA Regulations which granted my deceased husband non-service disability pension, I respectfully contend, were rigidly complied with before my husband was allowed to receive non-service disability pension ... THERE HAS BEEN NO INSTANCE in the entire history of the Veterans Memorial Medical Center (or VMH), in Quezon City, Philippines, of any case wherein its Doctors and/or psychiatrists have been found guilty of fabricating hospital reports for U.S. Army veterans like my husband. The inclusion of my husband's name in the anonymous letter of the anonymous writer, charging my husband of feigning mental illness, is pure trash and should be completely discarded or dismissed as pure harassment.